IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALVIN PLOEN, and MELISSA PLOEN, | |
| Plaintiffs, | 8:25CV359 |
| vs. | |
| ANDERSEN WINDOWS, INC., a Minnesota Corporation; | ORDER |
| Defendant. | |

This matter is before the court on Plaintiff's Motion for Leave to File Late Brief opposing Defendant's Motion to Dismiss. (Filing No. 8). For the reasons stated herein, the motion will be denied.

Defendant Andersen Windows, Inc. filed the pending Motion to Dismiss on July 23, 2025. The undersigned's order dated July 23, 2025, states that this case was randomly assigned to the undersigned magistrate judge but would be reassigned to a district judge if all parties did not consent on or before August 15, 2025. (Filing No. 6). Plaintiff's response brief was due August 13, 2025, and Defendant's reply would have been due within 7 days after Plaintiff's response. See NECivR 7.1. On August 18, 2025, the case was reassigned to Chief District Judge Robert F. Rossiter Jr. Plaintiffs Alvin and Melissa Ploen filed the Motion for Leave to File Late Brief on October 4, 2025.

"When an act may or must be done within a specified time, the Court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

> Excusable neglect is an 'elastic concept' that empowers courts to accept, 'where appropriate, … late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.' The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.' 'The following factors are particularly important: (1) the possibility of prejudice to [the other party]; (2) the length of [the movant's] delay and the possible impact of that delay on judicial proceedings; (3) [the movant's] reasons for delay, including whether the delay was within their reasonable control; and (4) whether [the movants] acted in good faith.

*Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (internal citations omitted).

Counsel for Plaintiffs asserts he relied upon the eventual receipt of a scheduling order from the court for filing opposition and reply briefs. Plaintiff's counsel asserts the motion, filed under Fed. R. Civ. P. 6(b)(1)(B), is supported by good cause and excusable neglect because counsel was "facing several deadlines and an imminent jury trial during that time." (Filing No. 8). Plaintiff's counsel also acknowledged that he "should have realized that although it was unclear who the presiding District Judge and Magistrate were on this matter until August 18, 2025, there was no scheduling order expected to be entered on the pending Motion to Dismiss." (Filing No. 8-1).

While the judge assignment may have been unclear, Plaintiff's counsel waited nearly seven weeks after the reassignment before seeking an extension. There is no suggestion that the failure to file the brief was due to a matter beyond Plaintiff's reasonable control, especially given the extensive period of time during within the oversight could have been remedied. The Local Rules provide the deadlines for briefing a motion and the consequences of non-compliance. See NECivR 7.1. The court understands the rigors of a busy trial practice but must also consider carefully the importance of enforcing our federal rules and local rules of civil practice. Under the circumstances presented, the court

concludes that Plaintiff has failed to demonstrate good cause or excusable neglect as required by Fed. R. Civ. P. 6(b)(1)(B). Accordingly,

IT IS ORDERED that Plaintiff's Motion for Leave to File Late Brief is denied. (Filing No. 8).

Dated this 8th day of October, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge