IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALVIN PLOEN, and MELISSA PLOEN, | |
| Plaintiffs, | 8:25CV359 |
| v. | |
| ANDERSEN WINDOWS, INC., a Minnesota Corporation, | MEMORANDUM AND ORDER |
| Defendant. | |

This case is about allegedly defective windows that allow dust and insects to enter plaintiffs Alvin and Melissa Ploen's (the "Ploens") home. The Ploens brought this lawsuit (Filing No. 1) against the window manufacturer, defendant Andersen Windows, Inc. ("Andersen") alleging five causes of action: breach of contract, breach of express warranty, breach of implied warranties, unjust enrichment, and negligence.[1] Andersen in turn challenged the negligence claim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (Filing No. 4). Andersen additionally argues that the breach-of-contract claim is redundant with the breach-of-warranty claims and should be dismissed. For the reasons explained below, the Court will grant Andersen's motion.

I.  BACKGROUND[2]

In June 2023, the Ploens installed new windows in their home in Harrison County, Iowa. They purchased the windows from S.E. Smith and Sons, a lumber company in Blair, Nebraska, and hired a local contractor to install the windows.[3] Not long after, the Ploens noticed dust and precipitation accumulating on the windowsills. They also noticed

---

[1]The Ploens do not identify whether Iowa or Nebraska law governs their claims.
[2]The background facts are taken from the Ploens' complaint (Filing No. 1).
[3]The Ploens do not name the local contractor, but state that general contractor David Burmeister oversaw the construction of their home.

"excessive amounts" of outside air and insects coming in around the window frames as well as light peeking through gaps.

The Ploens contacted Andersen about the problem. In early 2024, Andersen installed spacers to attempt to correct the windows' poor fit. Unfortunately, the spacers didn't stop dust or insects from entering the home, and by July 2024 Andersen had stopped responding to the Ploens requests to reach a "satisfactory resolution."

According to the Ploens, dealing with the windows has been exceedingly expensive. The expected cost to replace the windows and pay for contractors, cleaning, and their increased utility bills is over $179,000 and continues to rise.

The Ploens brought this suit on May 20, 2025, under diversity jurisdiction. *See* 28 U.S.C. § 1332. Andersen is a Minnesota Corporation which has registered as a foreign corporation with the Nebraska Secretary of State. The Ploens are residents and citizens of Iowa.

## II. DISCUSSION

### A. Standard of Review

Federal Rule of Civil Procedure 8 requires that the Ploens allege "a short and plain statement of the claim showing that [they are] entitled to relief." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting Fed. R. Civ. P. 8). To survive a motion to dismiss, their "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Ploens must plausibly allege facts showing that "success on the merits is more than a 'sheer possibility.'" "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The Ploens' negligence claim does not clear that threshold.

### B.     Negligence

To state a claim for negligence, the Ploens must sufficiently plead "a legal duty owed [to them] by [Andersen], a breach of such duty, causation, and damages." *Baumann v. Zhukov*, 802 F.3d 950, 953 (8th Cir. 2015) (quoting *A.W. v. Lancaster Cnty. Sch. Dist. 0001*, 784 N.W.2d 907, 913 (Neb. 2010)). Andersen argues, however, that regardless of whether Nebraska or Iowa law governs this dispute, the economic loss doctrine prevents the Ploens from bringing a negligence claim. That doctrine bars tort remedies "where the damages caused were limited to economic losses" and "the duty which was allegedly breached arose solely from the contractual relationship between the parties." *Lesiak v. Cent. Valley Ag Coop.*, 808 N.W.2d 67, 81 (Neb. 2012); *accord Des Moines Flying Serv., Inc. v. Aerial Services Inc.*, 880 N.W.2d 212 (Iowa 2016) (noting that "'a plaintiff who has suffered only economic loss . . . has not been injured in a manner which is legally cognizable or compensable' whether that loss arose out of negligence or strict liability cases." (quoting *Nelson v. Todd's Ltd.*, 426 N.W.2d 120, 123 (Iowa 1988))).

The duty the Ploens allege in their negligence claim arose out of their windows contract with Andersen. *See Lesiak*, 808 N.W.2d at 81. They have not pled any facts that the allegedly defective windows caused personal injuries or damage to other property. *See id.* Thus, the Court agrees that negligence claim is barred by the economic loss doctrine and should be dismissed.

### C.     Breach of Contract

Andersen also asks the Court to dismiss the Ploens' breach-of-contract claim because it is duplicative of the breach-of-warranty claims. The Ploens' breach-of-contract claim states that Andersen "entered express or implied contracts for the sale of goods" with the Ploens and "breached the terms of its contracts" "including its covenants of good faith and fair dealing" by manufacturing and selling defective windows. Compare that with the conduct that allegedly breached the Andersen's implied warranty and an express warranty—manufacturing and selling allegedly defective windows. Thus, the breach-of-contract claim is duplicative of the Ploens' breach-of-warranty claims. *See generally*

3

*Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 932 (8th Cir. 2011) (explaining the "dismissal of duplicative claims comports with [the] long-standing general principle of avoiding duplicative litigation" (internal quotations and alteration omitted)).

That said, a breach-of-contract claim is not inherently duplicative of a breach-of-warranty-claim. *See Gen. Mills Operations, LLC v. Five Star Custom Foods, Ltd.*, 703 F.3d 1104, 1112 (8th Cir. 2013) (noting that a district court properly analyzed breach-of-warranty claims which required proof of a product defect separately from a breach-of-contract claim which did not require evidence of a defect). But in this case, the breach-of-contract claim and the breach-of-warranty claims are all based on the alleged product defect. *See also Genesis Health Clubs, Inc. v. LED Solar & Light Co.*, 639 Fed. Appx. 550 (10th Cir. 2016) (unpublished) (affirming dismissal of a breach-of-contract claim because it duplicated warranty claims). For this reason, the breach-of-contract claim is dismissed as duplicative.

### D. Motion to Amend

After the Ploens' motion to late file a response (Filing No. 8) to Andersen's motion to dismiss was denied (Filing No. 9)—and long after Andersen moved to dismiss—the Ploens moved to amend their complaint under Federal Rule of Civil Procedure 15 (Filing No. 10). Andersen opposes the motion to amend (Filing No. 11), stating that the proposed amendments are futile. *See Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 755 (8th Cir. 2006) (noting that "denial of leave to amend may be justified when the amendment is futile").

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." However, the right to amend is not absolute. *Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 394-95 (8th Cir. 2016). If a proposed amendment would not "save an otherwise meritless claim[,]" the Court may properly deny leave to amend as futile. *See Jackson v. Riebold*, 815 F.3d 1114, 1122 (8th Cir. 2016). "A

motion to amend should be denied if the plaintiff is 'guilty of undue delay, bad faith, dilatory motive, or if permission to amend would unduly prejudice the opposing party.'" *Kozlov*, 818 F.3d at 395.

Here, the Ploens' motion to amend came after their motion for leave to late-file a response to Andersen's motion to dismiss was denied. In an apparent attempt to skirt the economic loss doctrine, the Ploens seek to amend their complaint to plead that the allegedly defective windows are "likely to cause damage" to the home. That proposed amendment does not salvage the negligence claim. The Ploens installed the windows over two years ago and yet do not point to a single personal injury or injury to other property. *See Lesiak*, 808 N.W.2d at 81. What is more, "the duty which was allegedly breached arose solely from the contractual relationship between the parties." *See id*. The negligence claim focuses on Andersen's perceived duty "to exercise ordinary care in designing, manufacturing, warning, marketing, selling, and repairing" the windows. The Ploen's have failed to sufficiently plead how these supposed duties are independent of their contractual agreement with Andersen. The Ploen's proposed amendments do not circumvent the economic loss doctrine, making amendment futile and prejudicial dismissal under Rule 12(b)(6) appropriate. *See Knowles v. TD Ameritrade Holding Corp.*, 2 F.4th 751, 758 (8th Cir. 2021).

The Ploens also seek to amend their complaint to clarify that the breach of contract claim arises out of a "subsequent agreement with [Andersen] to have them inspect and repair the windows in early 2024." Although Andersen does not address this proposed amendment in its brief in opposition, the Court finds that this amendment is also futile as presented. The proposed amended complaint does not plausibly plead a separate contract. Indeed, inspection, repair, and replacement are each remedies under the warranty, as described. Based on the foregoing,

IT IS ORDERED:

1. Defendant Andersen Windows, Inc.'s motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (Filing No. 4) is granted. Plaintiffs Alvin and Melissa Ploen's negligence and breach-of-contract claims are dismissed with prejudice.

2. The Ploens' Motion to Amend (Filing No. 10) is denied as futile.

Dated this 29th day of December 2025.

                BY THE COURT:

                Robert F. Rossiter, Jr.
                Chief United States District Judge